IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS NEAL LYNN, JR.,  )  ) Plaintiff,  )  ) v.  )  ) UNITED STATES, *et al.*,  )  ) Defendants.  ) | Civil Action No. 2:10cv142-TMH (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff, a federal inmate proceeding *pro se*, filed this *Bivens* action[1] on February 17, 2010.[2] He brings his complaint against various Department of Veterans Affairs employees ("Defendants"),[3] alleging that from September 15, 2005, to October 12, 2005, they acted with

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A § 1983 suit challenges the constitutionality of the actions of state officials; a *Bivens* suit challenges the constitutionality of the actions of federal officials. *See Id.* "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir. 1980). Thus, courts generally apply § 1983 law to *Bivens* cases. *E.g., Butz v. Economou,* 438 U.S. 478, 500 (1978).

[2] Although the present complaint was stamped "received" in this court on February 22, 2010, the complaint was signed by Plaintiff on February 17, 2010. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Morris] signed it ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] Named as Defendants are the United States; James R. Nicholson, Secretary; Robert W. Ratliff, Ph.D., Director; Y. C. Parris, Director; Arthur Soule, M.D., Asst. Dir.; Shankar Yalamanchili, M.D.;
(continued...)

"gross negligence, deliberate indifference, and actual awareness" in denying him emergency medical and hospital treatment at Veterans Administration ("V.A.") Hospitals in Birmingham and Tuskegee, Alabama. (Doc. No. 1 at p. 1.) He further alleges that Defendants gave him "cash money that enabled [him] to continue drinking alcohol the morning of [his] last discharge which led directly to the commission of the crime that [he has] been incarcerated for since that same morning of Oct. 12, 2005." (*Id*. at p. 3.) Plaintiff seeks monetary damages for what he alleges were Defendants' violations of his constitutional rights.

Under the Prison Litigation Reform Act of, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(A). Upon review of the instant complaint, it is clear that Plaintiff's claims against Defendants are barred by the applicable statute of limitations.

## II.  DISCUSSION

### *Statute of Limitations*

Plaintiff alleges that Defendants violated his constitutional rights by acting with gross negligence, deliberate indifference, and actual awareness in denying him emergency medical and hospital treatment at V.A. Hospitals in Birmingham and Tuskegee from September 15,

---

[3](...continued)
and Carolyn Hunter, LCSW.

2005, to October 12, 2005  He further alleges that Defendants are culpable for giving him money upon his October 12, 2005, discharge from the hospital that he then used to purchase alcohol, which led to his commission of the crime (bank robbery) for which he is currently incarcerated.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985).  A *Bivens* action is governed by the same statute of limitations that governs 42 U.S.C. § 1983 actions.  *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985)....  Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose.  *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).

The proper statute of limitations for § 1983 (or *Bivens*) actions is the forum state's general or residual statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). Alabama has a general two-year statute of limitations for personal injury actions. *See* Ala. Code 1975, § 6-2-38(l).  Alabama's two-year personal injury limitations period therefore applies to Plaintiff's *Bivens* complaint.  The actions of Defendants about which Plaintiff complains allegedly took place from September 15, 2005, to October 12, 2005.

3

Consequently, the applicable statute of limitations expired on Plaintiff's claims against Defendants in October 2007 (two years after the alleged actions by Defendants). Plaintiff filed the instant complaint in February 2010. This filing, with respect to the claims presented in the instant complaint, comes more than two years after the applicable limitations period lapsed.[4]

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in a *Bivens* action, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *McKenzie v. United States Department of Justice, et al.*, 143 Fed. Appx. 165, 167-68 (11th Cir. 2005); *see also Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(A)(b)(1)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing *Bivens*/§ 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit

---

[4] Plaintiff asserts he has been incarcerated since October 12, 2005. The portion of a statutory tolling provision that previously applied to incarcerated prisoners was rescinded by the Alabama legislature on May 17, 1996. *See* Ala. Code 1975, § 6-2-8(a) (as amended). Under the facts of the instant case, then, the tolling provision of § 6-2-8(a) does not apply to Plaintiff.

of the claim *sua sponte*." *Id*.

Under the facts apparent from the face of his complaint, Plaintiff has no legal basis on which to proceed on claims relating to acts of Defendants that occurred in September and October of 2005. This action is brought more than two years after the alleged violations by the defendant occurred. The statutory tolling provision, moreover, is unavailing. In light of the foregoing, the court concludes that Plaintiff's claims presented against Defendants are barred by the applicable statute of limitations, and these claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(A)(b)(1). *See McKenzie*, *supra*.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims against Coram be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(A)(b)(1), as this complaint is not filed within the time prescribed by the applicable period of limitations; and

2. This case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(A)(b)(1).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **July 12, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of June, 2010.

      /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE