IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS NEAL LYNN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv142-TMH |
| | ) | (WO) |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

In a Recommendation entered on June 29, 2010 (Doc. No. 5), this court construed Plaintiff's complaint (Doc. No. 1) as a *Bivens* action[1] alleging that various Department of Veterans Affairs ("VA") employees violated Plaintiff's constitutional rights in September and October 2005 by acting with "gross negligence, deliberate indifference, and actual awareness" in denying him medical treatment at VA Hospitals in Birmingham and Tuskegee, Alabama.  Because it is apparent from the face of the complaint that the acts about which Plaintiff complains took place more than two years before he filed his action in this court – and that, consequently, the complaint was not filed within the time prescribed by the applicable period of limitations (Alabama's general two-year statute of limitations for personal injury actions, Ala. Code 1975, § 6-2-38(1)) – this court recommended dismissal of the *Bivens* action pursuant to the provisions of 28 U.S.C. § 1915(A)(b)(1).  *See*

---

[1]*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

*Recommendation of the Magistrate Judge* (Doc. No. 5) at pp. 4-5.

On July 12, 2010 (Doc. No. 6), this court received Plaintiff's objections to the Recommendation of June 29, 2010.  Upon consideration of Plaintiff's objections, this court surmises that Plaintiff, through his complaint, may be seeking to proceed on claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 136(b), 2401, 2671-2680, for acts of alleged negligence by employees of the United States.  This is not readily apparent (if apparent at all) from Plaintiff's complaint, as he alleges violations of his constitutional rights in his complaint, does not invoke the FTCA in his complaint, and fails to suggest in the body of his complaint that he is challenging a ruling by a Federal agency as to an administrative claim filed with that agency pursuant to the FTCA.  *See Plaintiff's Complaint* (Doc. No. 1).  However, a review of Plaintiff's objections, and consideration of various documents attached to his complaint and to his objections,[2] reveals that Plaintiff filed an administrative claim under the FTCA with the Department of Veterans Affairs that was received by that agency on August 25, 2008.  *See Plaintiff's Objections* (Doc. No. 6), Exhibit F.  The Department of Veterans Affairs subsequently ruled that Plaintiff's tort claims were barred by the FTCA's two-year statute of limitations, as set forth at 28 U.S.C. § 2401(b), because the claims were brought more than two years after their accrual in September and October of 2005.  *Id.*

Because the procedural backdrop recited above is not evident in the cursory allegations set forth in Plaintiff's original complaint – and because Plaintiff referred to

---

[2]See Attachments Nos. 2 & 3 with original complaint and Exhibits A-H included with Plaintiff's Objections.

"constitutional violations" in his complaint – this court construed his complaint as a *Bivens*

action.  As noted above, Plaintiff does not indicate in the body of his complaint that he is

challenging a ruling by a Federal agency as to claims filed pursuant to the FTCA – much less

that he is challenging the correctness of the Department of Veterans Affairs' determination

that his tort claims were barred by the FTCA's two-year statute of limitations.  Instead, his

complaint, on its face, appears only to seek a merits determination of his claims that staff at

VA hospitals in Birmingham and Tuskegee violated his constitutional rights by acting with

"gross negligence, deliberate indifference, and actual awareness" by denying him treatment.

Assuming, however, that Plaintiff indeed seeks by his instant complaint to proceed on claims

under the FTCA for acts of alleged negligence by employees of the United States, this court

must first determine if it has jurisdiction over a suit against the United States filed pursuant

to the FTCA.[3]

      This court does not have jurisdiction over a suit against the United States that is barred

by the statute of limitations.  *See Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir.

2001) (holding that FTCA statute of limitations, 28 U.S.C. § 2401(b), is jurisdictional).  Title

28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is
> presented in writing to the appropriate Federal agency within two years after
> such claim accrues or unless action is begun within six months after the date
> of mailing, by certified or registered mail, of notice of final denial of the claim

---

[3]The court notes that in a suit brought under the FTCA, the only proper defendant is the United
States.  Thus, any FTCA claims by Plaintiff against individual defendants are improper and subject
to dismissal.

by the agency to which it was presented.

28 U.S.C. § 2401(b).  It is undisputed that under § 2401(b), a tort claim must be presented

to the appropriate federal agency within two years after the claim accrues, and the lawsuit

must be commenced within six months after the receipt of a final agency decision.  *Phillips*,

260 F.3d at 1317.

> Further, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  "Section 2675(a) is satisfied if the claimant (1) gave the appropriate

agency written notice of the tort claim to enable the agency to investigate; and (2) stated a

sum certain as to the value of the claim."  *Orlando Helicopter Airways v. United States*, 75

F.3d 622, 625 (11th Cir. 1996).  Compliance with § 2675(a) – like compliance with § 2401(b)

– is a jurisdictional prerequisite to maintaining an FTCA action.  *Tidd v. United States*, 786

F.2d 1565, 1567 (11th Cir. 1986).

In his objections to this court's Recommendation, Plaintiff asserts that he presented

his tort claims to the Department of Veterans Affairs in writing in May 2007, which he

argues rendered his claims timely under the FTCA's two-year statute of limitations.

4

*Plaintiff's Objections* (Doc. No. 6) at pp. 1-2.  Plaintiff did not, however, attach this purported notice of claims to his instant complaint, and he has not included it with his objections.  Instead, he asks this court to infer from an attached correspondence from the Office of Inspector General for the Department of Veterans Affairs, dated June 4, 2007, and referring to the agency's opening of a case "based on a review of the information" Plaintiff sent to the office, that he gave the agency timely written notice of his tort claims sufficient to enable the agency to investigate his claims, as required by 28 U.S.C. § 2675(a).  *See Plaintiff's Objections* (Doc. No. 6), Exhibits A & B.  However, it is not at all apparent that "the information" Plaintiff purportedly sent to the agency in May 2007, and alluded to in the letter from the Office of Inspector General for the Department of Veterans Affairs, amounted to sufficient notice of Plaintiff's tort claims.  Not only is the nature of Plaintiff's original notice to the agency not evident from the materials before this court, but it is also nowhere apparent that Plaintiff provided the agency with a written statement of "a sum certain as to the value" of his tort claims within the two-year limitations period, as also required by § 2675(a).  Plaintiff fails even to assert that he has complied with this requirement at any time.

Based on the scant pleadings and silent record, this court cannot conclude that the Department of Veterans Affairs was incorrect in its determination that Plaintiff's tort claims were barred by the FTCA's two-year statute of limitations.  Thus, to the extent Plaintiff now seeks to proceed on claims under the FTCA, this court lacks jurisdiction over his complaint.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. to the extent Plaintiff seeks to assert claims under the FTCA his complaint is DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(A)(b)(1), as this court lacks jurisdiction over his complaint; and

2. This case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(A)(b)(1).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before July 28, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of July, 2010.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE